# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY CLARKE,
              Petitioner,

v.

TAMMY FERGUSON, et al.,
              Respondents.

CIVIL ACTION NO. 16-3650

## ORDER

Before the Court is Petitioner Rodney Clarke's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This Court referred this case to Magistrate Judge Jacob P. Hart for a Report and Recommendation ("R&R"). The R&R recommended that the petition should be dismissed as untimely, and Petitioner filed objections. Upon consideration of the record and of Petitioner's objections, the Court approves and adopts the R&R.

Petitioner challenges his convictions in two related cases in the Court of Common Pleas for Philadelphia County: CP-51-CR-0502671-2006 and CP-51-CR-0502681-2006.[1] These cases arose from assaults on Petitioner's two minor granddaughters, and Petitioner was convicted in each pursuant to a consolidated no contest plea on March 16, 2007.[2] In case CP-51-CR-0502671-2006, Petitioner pleaded no contest to one count of rape, one count of involuntary deviate sexual intercourse, and one count of endangering the welfare of a child. In case CP-51-CR-0502681-2006, Petitioner pleaded no contest to one count of involuntary deviate sexual intercourse and

---

[1] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 1.

[2] Petitioner also pleaded no contest on the same day to charges in a third case, *Commonwealth v. Rodney Clarke*, CP-51-CR-0502691-2006, which included one count of aggravated indecent assault and one count of endangering the welfare of a child. This case was filed concurrently with the now-challenged cases and consolidated with the now-challenged convictions for plea and sentencing. However, Petitioner has not challenged this third conviction in his habeas petition. *See* Pet. for Writ of Habeas Corpus [Doc. No. 1] at 1.

one count of endangering the welfare of a child.[3] Petitioner was sentenced to a total of 10 to 20 years of incarceration. He filed a petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), which was dismissed by the PCRA court on February 25, 2011. Petitioner filed the instant federal habeas petition on July 1, 2016.

Where, as here, the petition has been referred to a magistrate judge for an R&R, a district court conducts a *de novo* review of "those portions of the report or specified proposed finding or recommendations to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."[4]

The Court agrees with the R&R that the petition should be dismissed. The petition is untimely because it was filed more than five years after the limitations period expired, pursuant to 28 U.S.C. § 2244(d)(1), and Petitioner has not shown that his petition is subject to equitable tolling. A litigant seeking equitable tolling must show that (1) he has been pursuing his rights diligently and (2) timely filing was prevented by some "extraordinary circumstance."[5]

Petitioner alleges nothing to suggest that he has been pursuing his rights diligently and that his filing was prevented by some "extraordinary circumstance." Central to his petition is his allegation that his two granddaughters who initially accused him of his crimes wished to retract the accusations and that the police threatened Enjoli Johnson – Petitioner's daughter and the mother of Petitioner's two granddaughters – if they did retract their accusations.[6] To substantiate this claim, Petitioner provided an affidavit from his sister, Andrea Clark, alleging that Enjoli

---

[3] Although Petitioner challenges his convictions in two separate cases, the R&R refers to only one of the cases at issue, *Commonwealth v. Rodney Clarke*, CP-51-CR-0502671-2006, but references the charges Petitioner pleaded guilty to in all three related cases. *See* R&R [Doc. No. 18] at 1.

[4] 28 U.S.C. § 636(b)(1).

[5] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation omitted).

[6] *See* Br. Supp. Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-25.

2

Johnson informed her that the children wanted to recant. This affidavit was signed on March, 18, 2011—approximately three months before the limitations period ended and more than five years before Petitioner alerted the Court to the affidavit by filing his habeas petition.[7] As stated in the R&R, Petitioner provides no explanation, either in his petition or objection, as to why he did not file a habeas petition with this information before the limitations period ended, nor does Petitioner provide any information to suggest that he was prevented from filing by some "extraordinary circumstance," causing a five-year delay.

Petitioner's actual innocence claim similarly fails. A petitioner can allege actual innocence to invoke the miscarriage of justice exception to the statute of limitations by showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[8] While a habeas petitioner does not have to prove diligence for this exception, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."[9]

Here, in support of an actual innocence claim, Petitioner argues that letters sent to him by Enjoli Johnson are evidence that the victims recanted; however, the letters provided by Petitioner make no mention of the victims recanting.[10] Petitioner also relies on Andrea Clark's affidavit, signed on March 18, 2011, which alleges that on September 29, 2008, Enjoli Johnson stated that Petitioner's granddaughters recanted and that when Enjoli Johnson brought this information to the government's attention the government threatened to have her incarcerated and have her

---

[7] *See* Br. Supp. Pet. for Writ of Habeas Corpus [Doc. No. 1] at 21.

[8] *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 399 (1995)).

[9] *Id.*

[10] *See* Br. Supp. Pet. for Writ of Habeas Corpus [Doc. No. 1] at 22-23.

3

children taken away.[11] Considering the degrees of hearsay within this affidavit, that the affidavit was written approximately two and a half years after the conversation it describes occurred, and the unexplained five-year delay in filing this petition, this evidence does not make it "more likely than not that no reasonable juror would have convicted him."[12] With this in mind, the Court agrees with the R&R that Petitioner has failed to convince the Court that no reasonable juror would have voted to convict him.

**AND NOW**, this 27th day of November 2018, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus [Doc. No. 1], the response thereto [Doc. No. 17], and upon review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart [Doc. No. 18] and Petitioner's objections [Doc. No. 21], it is hereby **ORDERED** that:

1. The Report and Recommendation [Doc. No. 18] is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[13]; and

4. The Clerk of the Court is directed to **CLOSE** this case.

It is so **ORDERED.**

                                                    **BY THE COURT:**

                                                    /s/ **Cynthia M. Rufe**
                                                    _____
                                                    **CYNTHIA M. RUFE, J.**

---

[11] *Id.* at 21.

[12] *See McQuiggin*, 569 U.S. at 399.

[13] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).